UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CORDERIOUS MCLELLAN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 2:21-cv-00790-RDP-NAD |
| | ) |
| **JEFFERSON S. DUNN, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

Petitioner Corderious McLellan filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner McLellan challenges his Alabama state conviction for capital murder, asserting that his trial counsel was ineffective for failing to request a jury instruction on reckless murder as a lesser included offense of capital murder. (Doc. 1 at 1-2, 5).

On January 13, 2022, the Magistrate Judge entered a Report and Recommendation pursuant to 28 U.S.C. § 636(b). (Doc. 12). The Report recommends that the court deny habeas relief because the Alabama Court of Criminal Appeals reasonably denied McLellan's claim for ineffective assistance of counsel; among other things, the Court of Criminal Appeals held that, as a matter of Alabama law, McLellan was not entitled to a jury instruction on reckless murder. (Doc. 12).

Through counsel, McLellan timely filed objections to the Report and Recommendation. (Doc. 13). McLellan objects to the recommendations on both prongs of his claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 13). With respect to deficient performance, McLellan argues that "an instruction of reckless murder would

have been arguably warranted under the facts of the case, and, thus, it should have been given to the jury to consider pursuant to *Beck v. Alabama*, 447 U.S. 625 (1980)." (Doc. 13 at 1-2).

McLellan argues that the state trial court would have given a jury instruction on reckless murder, and that the outcome of the trial likely would have been different (had the trial court given the instruction). (Doc. 13 at 2).

As a preliminary matter, the Report and Recommendation explained that McLellan's petition does not include a *Beck* due process claim, and, in any event, such a due process claim would be unexhausted. (Doc. 12 at 15-16). McLellan's objections appear to concede as much. (Doc. 13). McLellan states his "argument, drawing on *Beck*," is "different," and the court will "focus not on whether there was a Due Process violation, but rather whether the failure" of McLellan's trial counsel to request a reckless murder "instruction amounted to *Strickland* performance error and prejudice." *Johnson v. Alabama*, 256 F.3d 1156, 1183 (11th Cir. 2001).

As noted above (and explained in the Report and Recommendation), the Alabama Court of Criminal Appeals denied McLellan's *Strickland* claim, holding—as a matter of Alabama law—that McLellan was not entitled to a jury instruction on reckless murder. (Doc. 12 at 12-15). There is no basis for this court to "second-guess" the Alabama Court of Criminal Appeals' decision on that question of Alabama law. *See Herring v. Secretary, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Because McLellan was not entitled to a reckless murder instruction (as a matter of Alabama law), his trial counsel could not have been ineffective for failing to request that instruction. *See* Doc. 12 at 12-15; *Sabillo v. Secretary, Dep't of Corr.*, 355 F. App'x 346, 349 (11th Cir. 2009) (holding that the petitioner's trial counsel was not ineffective for failing to request a jury instruction to which the petitioner was not entitled).

Moreover, even under *Beck*, "due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction." *Taylor v. Culliver*, 638 F. App'x 809, 816 (11th Cir. 2015) (emphasis in original) (quoting *Hopper v. Evans*, 456 U.S. 605, 611 (1982)). Even McLellan recognizes this limitation. As the Report and Recommendation pointed out (Doc. 12 at 16), McLellan's supporting brief argued that McLellan was entitled to a reckless murder instruction under Alabama law, and admitted that a state court has no federal due process "duty" to "give an instruction for a lesser-included if a jury could not rationally convict the defendant of that offense." (*See* Doc. 2 at 22).

Likewise, McLellan argues that the reckless murder instruction "would have been arguably warranted under the facts of the case." (Doc. 13 at 1). But, again, the Alabama Court of Criminal Appeals already has concluded just the opposite — that the instruction was *not* "warranted under the facts of the case" (*id.*). (Doc. 12 at 12-15).

The evidence at the trial indicated that McLellan fired a gun at Torey Williams at least six times. (Doc. 6-9 at 177-78, 190). McLellan missed Torey Williams but hit Sheri Williams who was holding her two-week-old baby. (*Id.* at 16-17, 149-50). McLellan testified he shot "by" and "over" Torey Williams, rather than intentionally at him. (*Id.* at 178-79). So, the jury was asked to decide about McLellan's intent – *i.e.*, did he intend to shoot Torey Williams or not? If he did, that would be capital murder. If not, the shooting was reckless manslaughter. To be sure, the trial court gave both those charges.

And, the trial court, the State, and McLellan's counsel all agreed that if McLellan was found guilty the question would be which of those two crimes he committed. The shots were directed "at," "by," or "over" a particular individual, Torey Williams. So, a reckless murder charge was not supported.

As noted by the trial court (and reiterated by the Alabama Criminal Court of Appeals), under Alabama law, reckless murder requires conduct that is directed at a "group of individuals and not a single individual." (Docs. 6-19 at 17-18; 6-25 at 12) (citing *Sheffield v. State*, 87 So. 3d 607, 620-21 (Ala. Crim. App. 2010)). At trial, the evidence showed that McLellan's conduct was directed at a specific individual —*i.e*., Torey Williams. (Doc. 6-19 at 18-19). Therefore, the trial court concluded that the evidence in this case did not warrant a reckless murder instruction under Alabama law. So, such an instruction was not required under *Beck*. *See id.*; *Taylor*, 638 F. App'x at 816. *See also* Ala. Pattern Jury Instructions - Criminal Proceedings, Murder (Extreme Indifference to Human Life) [13A-6-2(a)(2)] ("*Extreme indifference to human life* means demonstrating extreme indifference to human life in general, but has no deliberate intent to kill or injure any particular individual.") (emphasis in original).

The Alabama Court of Criminal Appeals affirmed the conviction and agreed with the trial court's analysis. (Docs. 6-23 at 10-11; 6-25 at 10-12). In fact, the appellate court went a step further and distinguished McLellan's case from *Howard v. State*, 85. So. 3d 1054 (Ala. 2011):

> In *Howard*, the defendant shot several times at an intended victim. He was aware of the presence of a group of children, including the child victim, who were standing near the intended victim. … *Howard*, however, is inapposite. In *Howard*, the [defendant's] awareness of the group of children nearby meant that the [defendant's] conduct demonstrated a degree of recklessness that exceed that for manslaughter.

(Doc. 6-23 at 10-11). The Court of Criminal Appeals continued:

> But here, McLellan's conduct was directed toward a specific individual, and he testified that he was not aware of any other persons at the housing project located across the street. Thus, *Howard* does not support McLellan's position.

(*Id.* at 11). Thus, as explained by the trial court and the Alabama Criminal Court of Appeals, McLellan's counsel was not ineffective in not arguing for a reckless murder instruction.

4

In addition, because the state trial court *did* instruct the jury on a lesser included offense — that is, reckless manslaughter — the jury did not face an all-or-nothing choice between capital murder and innocence.[1]  (Doc. 12 at 2-5; Doc. 6-10 at 4, 40-43).  *Beck* mandates that a capital defendant is entitled to a jury instruction not on all conceivable lesser included offenses, but only on those that are reasonable based on the facts of the case.  *See Schad v. Arizona*, 501 U.S. 624, 646-47 (1991) ("*Beck* simply is not indicated where a petitioner's jury was not faced with an all or nothing choice between the offense of conviction (capital murder) and innocence."); *Roberts v. Commissioner, Ala. Dep't of Corr.*, 677 F.3d 1086, 1094-95 (11th Cir. 2012) (holding that, where the court had instructed the jury on a lesser included offense, the jury did not face an "all-or-nothing choice between the offense of conviction (capital murder) and innocence,' [and] *Beck* was not implicated"); *Johnson*, 256 F.3d at 1182-83 (11th Cir. 2001) (requiring that a petitioner demonstrate a reasonable likelihood that the evidence would have supported a conviction for the lesser included offense as to which the trial court did not charge the jury).

Furthermore, and as explained in the Report and Recommendation, at a minimum, the evidence showed that McLellan shot and killed the victim (Sheri Williams), when he fired multiple shots by and over another individual (Torey Williams); McLellan was attempting to scare Torey Williams and did not know that anyone was in the housing complex behind Torey Williams, where Sheri Williams was located.  (Doc. 12 at 3-4, 17; Doc. 6-9 at 16-17, 149-50, 178-79).

Because McLellan cannot show that the Alabama Court of Criminal Appeals' decision was an unreasonable application of, or contrary to, *Strickland* on the deficient performance prong, the court need not reach the prejudice prong of McLellan's claim.  *See Lucas v. Secretary, Dep't of*

---

[1] In *Beck*, the United States Supreme Court focused on the fundamental concern that a jury—convinced that the defendant had committed some violent crime, but given only the choice between capital murder and innocence—might opt for an unwarranted conviction rather than no punishment at all.  *Beck*, 447 U.S. at 637.

*Corr.*, 682 F.3d 1342, 1355 (11th Cir. 2012) ("[F]ailure to show either deficient performance or prejudice is fatal to a *Strickland* claim."). But, in any event, McLellan cannot show prejudice because he cannot show a reasonable probability that but for his counsel's purported violation, the trial court would have given the reckless murder instruction. Again, he was not entitled to that instruction under Alabama law. *See Strickland*, 466 U.S. at 694. (Doc. 6-25 at 12).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation and McLellan's objections, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** the Recommendation. McLellan's objections are **OVERRULED**. Accordingly, McLellan's claim for habeas corpus relief pursuant to § 2554 is due to be denied and the petition for a writ of habeas corpus is due to be dismissed with prejudice. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is due to be denied. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Cases. The court will enter a separate final judgment.

**DONE** and **ORDERED** this February 14, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE